1  GREEN WELLING LLP
   ROBERT S. GREEN (136183)
2  235 Pine Street, 15th Floor
   San Francisco, CA 94104
3  Telephone: 415/477-6700
   415/477-6710 (fax)
4
   Liaison Counsel
5
   LERACH COUGHLIN STOIA GELLER
6    RUDMAN & ROBBINS LLP
   SAMUEL H. RUDMAN
7  DAVID A. ROSENFELD
   200 Broadhollow Road, Suite 406
8  Melville, NY 11747
   Telephone: 631/367-7100
9  631/367-1173 (fax)                           SCHIFFRIN BARROWAY TOPAZ
      – and –                                   & KESSLER, LLP
10 JOY ANN BULL (138009)                        KATHARINE M. RYAN
   655 West Broadway, Suite 1900                KAY E. SICKLES
11 San Diego, CA 92101                          280 King of Prussia Road
   Telephone: 619/231-1058                      Radnor, PA 19087
12 619/231-7423 (fax)                           Telephone: 610/667-7706
                                                610/667-7056 (fax)
13
   Co-Lead Counsel for Plaintiffs
14

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

   In re SOLECTRON CORPORATION         )   Master File No. C-03-0986-CRB
   SECURITIES LITIGATION               )
                                       )   [PROPOSED] ORDER AUTHORIZING
                                       )   DISTRIBUTION OF SETTLEMENT
   This Document Relates To:           )   FUND
                                       )
       ALL ACTIONS.                    )
                                       )

1  WHEREAS, on March 3, 2006 this Court entered its Final Judgment and Order of Dismissal
2  with Prejudice and its Order Approving Plan of Allocation of Settlement Proceeds approving the
3  terms of the Stipulation of Settlement dated as of November 11, 2005 (the "Stipulation") and the
4  Plan of Allocation for distributing the settlement proceeds to the Class Members; and

5  WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation
6  and Plan of Allocation; and

7  WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims
8  that were in any way ineligible or deficient were: (i) informed that their claims were ineligible or
9  deficient; and (ii) were given opportunities to correct any deficiency prior to their claims being
10  finally rejected; and

11  WHEREAS, this Court has retained jurisdiction of the above-captioned action (the "Action")
12  for the purpose of considering any further application or matter which may arise in connection with
13  the administration and execution of the Settlement and the processing of Proof of Claim and Release
14  forms ("Proofs of Claim") and the distribution of the Net Settlement Fund to the Authorized
15  Claimants; and

16  NOW, THEREFORE, upon reading and filing: (i) the Affidavit of Shandarese Garr, the Vice
17  President for Securities Operation for The Garden City Group, Inc. (the "GCG Affidavit" or "GCG
18  Aff."), the Claims Administrator for the Settlement; (ii) the Declaration of Kay E. Sickles of
19  Schiffrin Barroway Topaz & Kessler, LLP, on behalf of Lead Counsel; and upon all prior
20  proceedings heretofore had herein, and after due deliberation, it is hereby

21  ORDERED, that the administrative determinations of GCG accepting the claims as indicated
22  on the computer printout of accepted claims submitted and described in the GCG Affidavit,
23  including claims submitted after March 28, 2006, be and the same hereby are approved, and said
24  claims are hereby accepted; and it is further

25  ORDERED, that the administrative determinations of GCG rejecting the claims as indicated
26  on the computer printout of rejected claims submitted with and described in the GCG Affidavit be
27  and the same hereby are approved, and said claims are hereby rejected; and it is further

28

[PROPOSED] ORDER AUTHORIZING DISTRIBUTION
OF SETTLEMENT FUND – C-03-0986-CRB

2

1    ORDERED, that payment be made from the Settlement Fund to the Internal Revenue Service
2 for the proper amount of taxes due and owing on the interest earned on the Settlement Fund while in
3 escrow, if any; and it is further

4    ORDERED, that GCG be paid the sum of $115,033.59 from the Settlement Fund in payment
5 for the balance of its fees and in reimbursement of its expenses incurred and to be incurred in
6 connection with giving notice to the Class, processing the Proofs of Claim, preparing the tax returns
7 for the Settlement Fund and distributing the Net Settlement Fund to the Authorized Claimants; and it
8 is further

9    ORDERED, that the balance of the Settlement Fund after deducting the payments previously
10 allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized
11 Claimants listed on the computer printout submitted with the GCG Affidavit under the proposed
12 Plan of Allocation in proportion to each Authorized Claimant's Recognized Loss as compared to the
13 total Recognized Loss of all accepted claimants as shown on such printout; and it is further

14    ORDERED, that the checks for distribution to the Authorized Claimants shall bear the
15 notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED
16 BY 180 DAYS AFTER ISSUE." Lead Counsel and GCG are authorized to take appropriate action
17 to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said
18 time; and it is further

19    ORDERED, that after six (6) months following the initial distribution of the Net Settlement
20 Fund to the Authorized Claimants and after appropriate efforts have been made by either Lead
21 Counsel or GCG for the Authorized Claimants to cash their checks, Lead Counsel are authorized to
22 distribute any funds remaining in the Net Settlement Fund by reason of returned or unpaid checks or
23 otherwise, after payment of any unpaid costs or fees incurred in administering the Net Settlement
24 Fund for such re-distribution, to Authorized Claimants who have cashed their checks, provided that
25 they would receive at least $10.00 in such re-distribution based on their Recognized Loss after
26 payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-
27 distribution, and provided that Lead Counsel determine a re-distribution should be undertaken. If
28 after six (6) months after such re-distribution, or if no distribution is undertaken, any funds shall

1  remain in the Net Settlement Fund or if insufficient funds remain to undertake re-distribution, then
2  such balance shall be contributed to the Pediatric Cancer Research Foundation, 9272 Jeronimo Rd.,
3  Suite A-107A, Irvine, CA 92618 (Telephone No.: (949) 859-6312); and it is further

4          ORDERED, that the Court finds that the administration of the Settlement and the proposed
5  distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of
6  Allocation and that all persons involved in the review, verification, calculation, tabulation, or any
7  other aspect of the processing of the claims submitted herein, or otherwise involved in the
8  administration or taxation of the Settlement Fund or the Net Settlement Fund are released and
9  discharged from any and all claims arising out of such involvement, and all Class Members, whether
10 or not they are to receive payment from the Net Settlement Fund are barred from making any further
11 claims against the Net Settlement Fund or the Released Persons beyond the amount allocated to them
12 pursuant to this order; and it is further

13         ORDERED, that GCG is hereby authorized to discard paper or hard copies of Proofs of
14 Claim and supporting documents not less than one (1) year after the initial distribution of the Net
15 Settlement Fund to the eligible claimants and electronic copies of the same not less than three (3)
16 years after the initial distribution of the Net Settlement Fund to the Authorized Claimants; and it is
17 further

18         ORDERED, that this Court retain jurisdiction over any further application or matter which
19 may arise in connection with this Action; and it is further

20         ORDERED, that claims submitted after April 13, 2007 may not be accepted for any reason
21 whatsoever.

22 Dated   June 14, 2007
23                                                      _____
                                                        THE HONORABLE CHARLES R. BREYER
24                                                      UNITED STATES DISTRICT JUDGE



IT IS SO ORDERED
Judge Charles R. Breyer

[PROPOSED] ORDER AUTHORIZING DISTRIBUTION
OF SETTLEMENT FUND – C-03-0986-CRB                                                      4